# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DONNA CURLING, ET AL.,

       Plaintiff,

v.

BRAD RAFFENSPERGER, ET AL.,

       Defendants.

Civil Action No. 1:17-cv-2989-AT

## DOMINION VOTING SYSTEMS, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

TO:   Plaintiffs and Their Attorneys

Dominion Voting Systems, Inc. ("Dominion") hereby responds and objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served upon Dominion by certain Plaintiffs in the above captioned proceeding.

1.     Dominion objects to the Subpoena and each individually numbered request ("Request") on the grounds that Plaintiffs seek to impose an enormous burden on a third party, seeking a tremendous amount of trade secret and highly confidential information when the Court has yet to decide the threshold question of whether these Plaintiffs have standing to assert the claims for which they have issued these Requests to Dominion, and has yet to decide key legal questions regarding whether and to what extent Plaintiffs' claims relating to Dominion are viable. *See,*

*e.g.*, Dkt. 1061 (2/3/21 Tr.); Dkt. 1088 at 2 (Order instructing Plaintiffs that: "In reviewing their course of action and any requisite tailoring or cutting back of the claims brought here, the Court advises Plaintiffs to carefully consider and address the implications for their claims of the Eleventh Circuit's opinion in *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020) [regarding standing]."); *id.* at 3 (observing that "Plaintiffs' concerns regarding the Dominion voting system" implicate First Amendment questions regarding "what burdens are *actually* at play and the significance of such relative to ordinary burdens and imperfections in the election system as a whole.") (emphasis in original).

2.     Dominion objects that many of the Requests (set forth specifically below) seek information that Plaintiffs have already sought from the State Defendants, and with respect to which there is a pending dispute over whether the State Defendants must produce it. *See* Dkt. 1094. Dominion understands that the discovery motion is currently pending. *See* Dkt. 1105. Dominion objects to the extent that this subpoena is an improper end-run around a pending discovery dispute between the parties.

3.     Dominion objects to the Subpoena and each Request on the grounds that Plaintiffs failed to take reasonable steps to avoid imposing an undue burden and expense on Dominion, a non-party. This is the second subpoena third-party Dominion has received in this case, and Dominion has already produced over 42,000

pages of documents in response to that subpoena (the "August 24, 2020 Subpoena"). Dominion reserves the right to seek attorneys' fees and costs associated with responding to this Subpoena.

4.     Dominion is willing to meet and confer with requesting counsel regarding any of the above objections and responses herein. Dominion reserves the right to amend or supplement any of the objections or responses herein for any reason.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Dominion objects to the definition of "Election System" as vague and overbroad because the definition seeks "every aspect of any system … used in … elections in the State of Georgia" and includes "information related to employees, agents, representatives, volunteers, or others acting on behalf of you, the State of Georgia, or any county or municipality with respect to elections in the State of Georgia."

2.     Dominion objects to the definition of "You" and "Your" as overbroad and unduly burdensome because the definition includes its "predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, contractors, representatives, and agents thereof, and any other person acting on its behalf or under its direction or control with respect to the subject matter

of these Requests." Dominion will construe "You" and "Your" to mean Dominion Voting Systems, Inc.

3.     Dominion objects to the Subpoena and each Request because they do not define a relevant time period and thus seek documents and information without limitation for an undetermined period of time. According to the Third Amended Complaint, the very earliest Dominion could conceivably be relevant to any claims is July 2019. *See* TAC ¶ 70.

4.     Dominion objects that the timeframe requests for Dominion to respond to the Subpoena issued on June 9, 2021 – 13 days – is unreasonable and not feasible.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

A complete forensic image of one D-Suite EMS server, including all hard disk storage of all server and client computers and network-attached storage devices, configured in the same way that Dominion configured the EMS server most recently used in, or if different currently in use in, Fulton County, Georgia.

### RESPONSE TO REQUEST NO. 1:

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "*all hard disk storage of all server and client computers and network-attached storage devices, configured in the same way that Dominion configured the EMS server most recently used in, or if*

different currently in use in, Fulton County, Georgia." Dominion objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. *See* Dkts. 1094; 1105. Dominion objects that this Request seeks documents that constitute trade secret information and information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 2:**

Documentation of procedures for pre-election and post-election equipment testing, including logic and accuracy testing, acceptance testing, and hash and/or digital signature verification, including procedures drafted or provided by the Office of the Secretary of State of Georgia.

**RESPONSE TO REQUEST NO. 2:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it has no time limit or other restriction on scope, and it seeks production of documents without reference to whether they are in Dominion's custody, possession, or control. In addition, Dominion objects that this Request seeks documents that are obtainable from other sources that are

more convenient, less burdensome or less expensive, including a party source. *See* Dkt. 1105. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 3:**

A copy of any tools used to extract and/or verify the software and/or firmware on Election System equipment (including BMDs, optical scanners, or EMS servers as used in Georgia, including any necessary documentation, passwords, or security keys.

**RESPONSE TO REQUEST NO. 3:**

Dominion incorporates its objection to the term "Election System" and objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "tools" without time limit or other restriction on scope, and without reference to whether they are in Dominion's custody, possession, or control. Dominion objects that this Request seeks documents that are obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. *See* Dkts. 1094; 1105.

Dominion objects that, to the extent the Request implicates Dominion systems, this Request seeks documents that are confidential in nature and for which Dominion owes a duty of confidentiality to a third party. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

## REQUEST NO. 4:

A copy of the installation media for the D-Suite EMS, as currently deployed in Georgia, including all documentation and software required to configure an EMS as it would be used in an election in Georgia today.

## RESPONSE TO REQUEST NO. 4:

Dominion objects that this Request is vague to the extent it seeks "all documentation and software required to configure an EMS *as it would be used in an election in Georgia today.*" Dominion further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Dominion objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. *See* Dkts. 1094; 1105. Dominion objects that this Request seeks documents that constitute trade secret information and/or information that is confidential or proprietary in nature. Dominion objects that the Court has not yet

ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request..

**REQUEST NO. 5:**

A copy of the full installation files for the ICX 5.5.10.32 Application Software update installed in 2020 on BMDs in Georgia, including all installation instructions.

**RESPONSE TO REQUEST NO. 5:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Dominion objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. *See* Dkts. 1094; 1105. Dominion objects that this Request seeks documents that constitute trade secret information and/or information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 6:**

A copy of all software updates for Election System equipment that have been made available in Georgia, including to the Office of the Secretary of State of Georgia or to election superintendents or registrars in Georgia, by Dominion since the time the equipment was first deployed in Georgia, together with any necessary documentation, installation tools, and passwords or security keys.

## RESPONSE TO REQUEST NO. 6:

Dominion incorporates its objection to the term "Election System." Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that there is no time limit and the Request seeks all software updates "made available in Georgia," which is also vague. Dominion objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. See Dkts. 1094; 1105. Dominion objects that this Request seeks documents that constitute trade secret information and/or information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

## REQUEST NO. 7:

A copy of any software compatible with Dominion BMDs and scanners used

in Georgia that does not use bar codes or QR codes for vote tabulation, together with any necessary documentation, installation tools, and passwords or security keys.

**RESPONSE TO REQUEST NO. 7:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that there is no time limit and the Request seeks "any software." Dominion further objects that this Request seeks documents that are the subject of a pending discovery dispute between the parties. See Dkts. 1094; 1105. Dominion objects that this Request seeks documents that constitute trade secret information and/or information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 8:**

Documents, including communications internal to You or between or among any of You, the Office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, reflecting implementation, administration, maintenance, or support of or anticipated changes to the Election System, including the timing, feasibility, and

cost of any such changes; historical and ongoing implementation, performance, or maintenance issues or challenges; execution or operational issues or challenges related to any 2020 or 2021 elections; solutions implemented, planned, or contemplated for any such issues or challenges; and research, reports, assessments, findings, studies, evaluations, and publications (proprietary or non-proprietary) of the security, reliability, verifiability, or accuracy of any component of the Election System.

## RESPONSE TO REQUEST NO. 8:

Dominion incorporates its objection to the term "Election System." Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that there is no time limit. Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privileges. Dominion objects that this Request seeks Documents not in Dominion's custody, possession, or control. Dominion objects that this Request seeks documents that are obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that this Request seeks information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue

the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

## REQUEST NO. 9:

Documents, including communications internal to You or between or among any of You, the Office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, reflecting research, reports, assessments, findings, evaluations, studies, concerns, complaints, or publications (proprietary or non-proprietary) pertaining to (i) auditability or verifiability of election results produced by Your BMDs and/or scanners in use with Georgia elections and (ii) voter verification of the accuracy of ballots produced and/or tabulated by such devices.

## RESPONSE TO REQUEST NO. 9:

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that there is no time limit. Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privileges. Dominion objects that the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source.

Dominion objects that this Request seeks information that is confidential or proprietary in nature.  Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 10:**

Documents, including communications internal to You or between or among any of You, the Office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, reflecting research, reports, assessments, findings, evaluations, studies, concerns, complaints, or publications (proprietary or non-proprietary)    pertaining to vulnerabilities, security concerns, security risks, hacks, or compromises relating to Dominion equipment of the type used in Georgia elections, including any such vulnerabilities, security concerns, or security risks that have come to light in connection with reviews of Dominion products used in Antrim County, Michigan and Maricopa County, Arizona.

**RESPONSE TO REQUEST NO. 10:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that there is no time

limit and it seeks documents unrelated to elections in Georgia, much less the elections allegedly at issue in this litigation. Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privileges. Dominion objects that this Request seeks documents that are obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that this Request seeks information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 11:**

Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Election Project programming contractors, and/or other third parties, reflecting whether Dominion election equipment, including any BMD, printer, scanner, memory cards, or EMS server and other related equipment, used in Georgia has ever been connected to the internet or an external network (meaning a network connected to one or more components used in Georgia's network for administering

elections) or used with remote administration tools.

## RESPONSE TO REQUEST NO. 11:

Dominion objects that this Request is vague, overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that there is no time limit. Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privileges. Dominion objects that the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including from a party source. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

## REQUEST NO. 12:

Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Georgia counties, Georgia election superintendents, Election Project programming contractors, and/or other third parties, reflecting work by You or at Your direction or on Your behalf to create, prepare, update, or distribute Election Projects for use in Georgia,

including any documentation reflecting steps taken to safeguard the integrity and security of such Election Projects at all points in time, including from planning and creation through distribution.

**RESPONSE TO REQUEST NO. 12**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that there is no time limit. Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privilege. Dominion objects that the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including from a party source. Dominion objects that this Request seeks information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 13:**

All communications, contracts, billing records, and project records relating to Your role in the process of planning, creating, and distributing Election Projects for

use in the state of Georgia during 2020 and 2021.

**RESPONSE TO REQUEST NO. 13:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all communications, contracts, billing records, and project records." Dominion objects that the Request seeks information that is not in Dominion's possession, custody, or control or is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that this Request seeks information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 14:**

Documentation of procedures, mechanisms, practices, steps, and policies to protect the integrity and security of Election Projects during the process of planning, creating, and distributing them for use in Georgia.

**RESPONSE TO REQUEST NO. 14:**

Dominion objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent there is no time limit.

Dominion objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the attorney work-product doctrine, and any other applicable privilege. Dominion objects that the Request seeks information that is not in Dominion's possession, custody, or control and/or is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that this Request seeks information that is confidential or proprietary in nature. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 15:**

Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding this litigation.

**RESPONSE TO REQUEST NO. 15:**

Dominion objects to the Request to the extent it seeks documents protected by the attorney-client privilege, the common interest privilege, work product protection, and any other applicable privilege. Dominion objects that, to the extent that this

Request seeks information not covered by any such privilege, the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

**REQUEST NO. 16:**

Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding any plaintiff or member of Coalition for Good Governance in this litigation.

**RESPONSE TO REQUEST NO. 16:**

Dominion objects to the Request to the extent it seeks documents protected by the attorney-client privilege, the common interest privilege, work product protection, and any other applicable privilege. Dominion objects that this Request is overbroad and not proportional to the needs of the case because it seeks documents about "any plaintiff or member of Coalition for Good Governance in this litigation." Dominion objects that, to the extent that this Request seeks information not covered by any

such privilege, the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

## REQUEST NO. 17:

Documents, including communications internal to You or between or among any of You, the office of the Secretary of State of Georgia, Gabriel Sterling, Georgia counties, Georgia election superintendents, and/or other third parties, regarding any expert retained by any party in this litigation, including Michael Shamos, Juan Gilbert, Benjamin Adida, Jack Cobb, David Hamilton, Candice Hoke, Theresa Payton, Alex Halderman, Matthew Bernhard, Logan Lamb, Andrew Appel, Lowell Finley, Nathan Woods, Vincent Liu, Harold T. Daniel, Jr., Harri Hursti, Kevin Skoglund, Philip Stark, Richard DeMillo, Ritchie Wilson, Lonna Rae Atkeson, Virginia Martin, Rebecca Wilson, and Amber McReynolds.

## RESPONSE TO REQUEST NO. 17:

Dominion objects that this Request is overbroad, unduly burdensome, not proportional to the needs of this case to the extent it seeks documents about

numerous third parties without time or other limitation. Dominion objects to the Request to the extent it seeks documents protected by the attorney-client privilege, work product protection, the common interest privilege, and any other applicable privilege. Dominion objects that, to the extent that this Request seeks information not covered by any such privilege, the Request seeks information that is obtainable from other sources that are more convenient, less burdensome or less expensive, including a party source. Dominion objects that the Court has not yet ruled on the critical threshold issue of whether Plaintiffs have standing to pursue the claims for which they seek this discovery, and Eleventh Circuit precedent indicates Plaintiffs do not have standing. In light of these objections Dominion will not produce any documents pursuant to this Request.

Respectfully submitted this the 22nd day of June 2021.

*/s/ J. Matthew Maguire, Jr.*
J. Matthew Maguire, Jr.
Georgia Bar No. 372670
mmaguire@pcwlawfirm.com
Robert J. Kozloski, III
Georgia Bar No. 548519
rkozloski@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
Telephone:  404-873-8000
Facsimile:  404-873-8050
*Counsel for Non-Party Dominion Voting Systems, Inc.*