# EXHIBIT 7

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ANTRIM

WILLIAM BAILEY,

        Plaintiff,

v

ANTRIM COUNTY,

        Defendant.

File No. 2020009238CZ
HON. KEVIN A. ELSENHEIMER

Matthew S. DePerno (P52622)
Attorney for Plaintiff

Haider A. Kazim (P66146)
Attorney for Defendant

DECISION AND ORDER REGARDING
PLAINTIFF'S MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER,
SHOW CAUSE ORDER AND PRELIMINARY INJUNCTION

        The above captioned Plaintiff is a resident of Central Lake Township, Antrim County, Michigan. Plaintiff voted in person in the most recent election held November 3, 2020. Subsequently, Plaintiff filed a complaint on November 23, 2020, including the following counts: (1) constitutional right to accuracy and integrity of elections; (2) violation of "purity of elections clause;" (3) election fraud [pursuant to] MCL 600.4545(2) and MCL 158.861; (4) common law election fraud; (5) equal protection violation; and (6) statutory election law violations. Along with his complaint, the Plaintiff also filed a Motion for an Ex Parte Restraining Order, Show Cause Order and Preliminary Injunction. The proposed order, submitted by Plaintiff, would permit Plaintiff to take forensic images from the 22 precinct tabulators and investigate those images, thumb drives, software and the County Clerk's "master tabulator."[1] Additionally, the order would

---

[1] Defendant asserts that there is no "master tabulator" and that the Dominion tabulator in its possession is the same type used by the individual precincts.

prohibit destruction of evidence relating to the November 3, 2020 election and prohibit turning on the Dominion tabulators or connecting the tabulators to the internet.

The Court heard oral arguments on the Plaintiff's motion on December 3, 2020, and took the matter under advisement. For purposes of this Decision and Order, the Court adopts the Defendant's statement of facts as to the events leading up to and immediately after the election. Moreover, the Defendant has agreed to preserve and protect all records in its possession used to tabulate votes in Antrim County, to not turn on the Dominion tabulator in its possession and to not connect the Dominion tabulator in its possession to the internet.[2] Therefore, the only remaining issue to be considered by the Court is whether the Plaintiff is permitted to obtain the requested forensic images.

Injunctive relief is generally considered an extraordinary remedy that issues where justice requires, there is an inadequate remedy at law, and there is a real and imminent danger of irreparable injury.[3] A preliminary injunction requires a particularized showing of irreparable harm; an injunction will not lie upon the mere apprehension of future injury or where the threatened injury is speculative or conjectural.[4] To determine whether an injury constitutes irreparable harm, as would support a preliminary injunction the injury is evaluated in light of the totality of the circumstances affecting, and the alternatives available to, the party seeking injunctive relief.[5] The irreparable-harm factor is considered an indispensable requirement for a preliminary injunction.[6] In determining whether to issue a preliminary injunction, the trial court must evaluate whether: (1) the moving party made the required demonstration of irreparable harm, (2) the moving party showed that it is likely to prevail on the merits, (3) the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, and (4) there will be harm to the public interest if an injunction is issued.[7]

First, Plaintiff asserts that he will suffer irreparable harm via the loss of his constitutional right to have his vote counted if the temporary restraining order and preliminary injunction are not granted. Specifically, in the recent election, the Village of Central Lake included a proposed

---

[2] According to Defendant, it only retains possession of one Dominion tabulator machine. The remaining Dominion tabulator machines are in the custody, control and/or possession of the 22 individual precincts.
[3] *Mich AFSCME Council 25 v Woodhaven-Brownstone School Dist*, 293 Mich App 143; 809 NW2d 444 (2011).
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Detroit Fire Fighters Ass'n v City of Detroit*, 482 Mich 18; 753 NW2d 579 (2008).

initiated ordinance to authorize one marihuana retailer establishment within the village on the ballot. There were 524 votes cast regarding this proposal, with 262 for and 262 against. According to the tabulation on November 3, 2020, with the votes tied the proposal failed. However, when the ballots were retabulated on November 6, 2020, the result went from a tied vote to the proposal passing by one vote.[8] According to the Clerk of Central Lake Township and the ASOG Forensic Report, three ballots were damaged when they were retabulated. Allegedly the damaged ballots were manually re-filled out and re-run through the tabulation machine, yet the final numbers do not reflect that the damaged/cured ballots were included. Plaintiff argues that failure to include the damaged ballots in the retabulation resulted in the marihuana proposal passing and violated his constitutional right to have his vote counted. The temporary, let alone total, loss of a constitutional right constitutes irreparable harm which cannot be adequately remedied by an action at law.[9] As such, the Court finds that Plaintiff has met the requirement for irreparable harm.

Second, Plaintiff asserts that he is likely to prevail on the merits of his claim because, pursuant to the Michigan Constitution and by statute, his right to vote was violated and he is entitled to have the results of the recent election audited in order to ensure its accuracy and integrity. Defendant counters that Plaintiff is not likely to succeed on the merits of his claims because he lacks standing to bring the constitutional claims and his statutory claims are inapplicable.

A litigant has standing whenever there is a legal cause of action, but even if no legal cause of action is available, a litigant may have standing if he or she has a special injury or right or substantial interest that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.[10] While the Defendant argues that Plaintiff has failed to allege an injury in fact, the Court disagrees. As discussed above, assuming that Plaintiff's ballot was one of those damaged during the retabulation, failure to include his vote on the marihuana proposal potentially resulted in passage of the ordinance. Moreover, failure to include the Plaintiff's ballot would amount to the loss of his right to vote, which is an injury specific to Plaintiff. As the Court has determined that

---

[8] See Declaration of Judith L. Kosloski.
[9] *Garner v Mich State Univ*, 185 Mich App 750; 462 NW2d 832 (1990).
[10] *Lansing School Ed. Ass'n v Lansing Bd of Ed.*, 487 Mich 349, 372; 792 NW2d 686 (2010).

the Plaintiff has standing to bring the constitutional claims, it is unnecessary to analyze whether the Plaintiff will succeed on the merits of his statutory claims.[11]

Third, Plaintiff asserts he will suffer greater harm than the Defendant if the injunction is not granted as he will lose his constitution freedom to vote, whereas the Defendant has a duty to ensure the election process is conducted without fraud. Defendant argues that granting the Plaintiff's request for preliminary injunction would violate the License Agreement with Dominion and essentially force Antrim County to commit breach of contract. The Plaintiff is entitled to have his vote counted and the Defendant has a duty to maintain an accurate and secure election. The Court believes that Defendant's duty to ensure that no eligible Antrim County voter is disenfranchised outweighs its potential duties or obligations under the Licensing Agreement. Moreover, MCR 2.302(C) allows for protective orders that trade secrets or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way. Thus, any forensic investigation into the Dominion voting equipment can be limited to safeguard the company's intellectual property through a protective order.

Finally, Plaintiff asserts the public interest weighs in favor of granting temporary injunctive relief because confidence in the integrity of our electoral process is essential to the functioning of our participatory democracy. Defendant claims that harm to the public interest, via reverse engineering of Dominion software (presumably for malicious purposes), outweighs any potential harm to the Plaintiff. The Court believes that confirming the accuracy, integrity and security of the electoral process is a greater public interest at this juncture than the potential future misuse of reverse engineered data. Therefore, the public interest weighs in favor of granting the Plaintiff's preliminary injunction.

For the reasons stated herein, the Court finds that Plaintiff has met the necessary requirements for issuance of a preliminary injunction and thus, Plaintiff's Motion for an Ex Parte Restraining Order, Show Cause Order and Preliminary Injunction is granted.

---

[11] MCL § 600.4545(1) applies whenever it appears that material fraud or error has been committed at any election at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township or municipality thereof. Defendant argues that this statute is inapplicable because any fraud or error would not have affected the outcome of the election.

4

5

      IT IS ORDERED that Antrim County maintain, preserve and protect all records in its possession used to tabulate votes in Antrim County, to not turn on the Dominion tabulator in its possession and to not connect the Dominion tabulator in its possession to the internet.

      IT IS FURTHER ORDERED, pursuant to MCR 2.302(C), that to protect the respective interests of the parties, this Decision and Order shall also serve as a Protective Order restricting use, distribution or manipulation of the forensic images and/or other information gleaned from the forensic investigation without further order of this Court.

      IT IS SO ORDERED.

*[Signature]*
12/04/2020
05:11PM
KEVIN A. ELSENHEIMER, CIRCUIT COURT JUDGE, P49293

HONORABLE KEVIN A. ELSENHEIMER
Circuit Court Judge